**In re Ramona E. MAUPIN, Debtor.**

**Ramona E. MAUPIN, Plaintiff,**

**v.**

**FRANKLIN EQUITY LEASING CO., Defendant.**

**Bankruptcy No. 93–01319.
Adv. No. 93–0366A.**

United States Bankruptcy Court,
M.D. Tennessee.

March 11, 1994.

J. Robert Harlan, Columbia, TN, for debtor/plaintiff.

John Buffaloe, Jr., Nashville, TN, for defendant.

## MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

### I. Introduction:

The question presented in this adversary proceeding is whether Franklin Equity Leasing Company ("FELCO") violated the court's June 23, 1993 Discharge Order by subsequently suing the debtor, Ramona E. Maupin, in state court to recover funds for the debtor's post-petition use of a leased vehicle. For the reasons stated in this opinion, the court finds that FELCO did violate the court's Discharge Order and is, therefore, subject to appropriate sanctions. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

### II. Findings of Fact:

On November 1, 1991, the debtor entered into an automobile lease with FELCO on a 1991 Chevrolet S–10 Blazer. The lease called for sixty monthly payments at $392.34/month.

The debtor filed Chapter 7 bankruptcy on February 19, 1993, before the lease term expired. T. Larry Edmondson was appointed interim trustee on February 23rd.

At the meeting of creditors, held on April 9, 1993, the debtor testified that her intention was to reject the lease and surrender the vehicle to FELCO. However, a representative from FELCO was not present at the meeting of creditors, and the debtor returned home with the vehicle. The trustee filed a Report of Trustee In No Asset Case on April 13th and abandoned the debtor's vehicle as an asset of the bankruptcy estate.

On May 3, 1993, FELCO filed a Motion for Abandonment and Relief from Automatic Stay and/or Rejection of Lease with respect to the vehicle. A preliminary hearing was held on May 28th, and the court granted FELCO's motion. FELCO, however, did not take immediate possession of the car.

On June 23, 1993, the court entered a Discharge Order in the debtor's Chapter 7 case. On August 10th, the parties signed an Agreed Order allowing FELCO to exercise its rights under state law as title holder to take possession of the vehicle. FELCO picked up the vehicle on August 20th with the cooperation of the debtor. The debtor had used and driven the vehicle from the petition date on February 19th until the debtor surrendered the vehicle to FELCO on August 20th.

On August 18, 1993, FELCO brought a civil action against the debtor in the General Sessions Court of Marshall County, Tennessee. FELCO sought recovery of funds for the debtor's use of the vehicle between the petition date and turnover of the vehicle.

In response to FELCO's state civil suit, on September 7, 1993 the debtor filed this adversary proceeding seeking compensatory and punitive damages for FELCO's willful violation of the court's Discharge Order. The parties agreed to continue the state suit until resolution of this adversary proceeding.

### III. Conclusions of Law:

Under 11 U.S.C. § 365(a), the trustee may assume or reject an unexpired lease "subject to the court's approval." In a Chapter 7 case, under § 365(d)(1), if no proceeding to assume or reject is brought within 60 days from the order for relief, the lease is automatically deemed rejected by operation of law.

In this case, the trustee filed no motion regarding the assumption or rejection of the lease. Instead, on April 13, 1993, the trustee abandoned the vehicle as an asset of the estate. Consequently, under § 365(d)(1), the lease was automatically rejected by operation of law on April 20, 1993, 60 days after the petition date of February 19, 1993.

Under § 365(g), the rejection of an unexpired lease constitutes a breach of the

lease. 2 Collier on Bankruptcy § 365.08 (15th ed. 1993). The lessor's claim for damages resulting from the rejection and consequent breach of the lease is an allowed claim under § 502(a) and (b). 11 U.S.C. § 502(g).

Since this was a no asset case, FELCO did not file a proof of claim in bankruptcy to collect damages resulting from the rejection of the lease. Instead, FELCO sued the debtor in state court to recover for the debtor's post-petition use of the vehicle. Prior to the filing of FELCO's state suit, though, this court entered its June 23rd Discharge Order and closed the case.

§ 727(b) provides:

a discharge [under Chapter 7] discharges the debtor from all debts that arose before the date of the order for relief under this chapter, *and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title . . . .*" (emphasis added).

§ 502(g), dealing with the allowance of claims, states:

*A claim arising from the rejection,* under section 365 of this title . . ., *of an* executory contract or *unexpired lease* of the debtor *that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section* or disallowed under subsection (d) or (e) of this subsection, *the same as if such claim had arisen before the date of the filing of the petition.* (emphasis added).

The issue thus becomes whether the debt, which FELCO sued the debtor in state court to collect, was under § 502(g) "[a] claim arising from the rejection . . . of an . . . unexpired lease . . . that has not been assumed." If it was, then under § 502(g) it was a claim that "shall be determined . . . [under § 502] . . . the same as if such claim had arisen before the date of the filing of the petition." Under the above language of § 727(b), this

debt would then be a debt discharged in the debtor's Chapter 7 bankruptcy.

■ As discussed above, the rejection of a lease gives rise to an allowed claim of damages for breach of the lease. 11 U.S.C. §§ 365(g), 502(g). The Bankruptcy Code does not expressly provide a formula for computing damages for the breach of a lease of personal property as it does with a lease of real property. *See* 11 U.S.C. § 502(b)(6). In this case, a lease of personal property, i.e. a vehicle, is involved. Nevertheless, an allowed damages claim in bankruptcy would include the lessor's damages for the debtor's post-petition use of the vehicle. This could be calculated as unpaid monthly lease payments from the petition date until turnover of the vehicle.[1]

■ In state court, FELCO sued to recover damages for the debtor's use of the vehicle from the petition date to turnover. The damages sought in state court, therefore, constituted an allowed damages claim that FELCO could have filed in bankruptcy. FELCO thus sued in state court to collect "a claim arising from the rejection . . . of an . . . unexpired lease . . . that has not been assumed." *See* 11 U.S.C. § 502(g). Consequently, under the above analysis, FELCO sued in state court to collect a debt discharged in the debtor's Chapter 7 bankruptcy. *See* 11 U.S.C. § 727(b).

■ FELCO might argue that the debt sued on in state court was not discharged because FELCO filed no proof of claim in bankruptcy regarding this debt. If no claim was ever filed, there was no debt to be discharged, and FELCO can still sue on the debt in state court.

This argument fails to take into account the broad reach of a Chapter 7 discharge. § 727(b) quoted above states that the debt is discharged "whether or not a proof of claim based on such debt . . . is filed." Thus, even though the debt FELCO sued on in state court was never filed in bankruptcy court, it was still discharged because it was a claim

---

1. The court need not determine in this adversary proceeding the exact amount of allowed damages. Any determination of damages, however, would include unpaid post-petition lease payments. *See* 11 U.S.C. § 502(b)(6).

867

arising from the rejection of an unexpired lease.

### IV. Conclusion:

The Discharge Order filed on June 23, 1993 provided in pertinent part:

> The debtor is released from all dischargeable debts.
>
> . . . .
>
> All creditors whose debts are discharged by this order ... are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor....

Since FELCO sued the debtor in state court on a discharged debt, FELCO violated the court's Discharge Order.

 Accordingly, the court orders FELCO to pay the debtor's compensatory damages resulting from the filing of the state civil action, including the debtor's attorneys' fees and other related costs. The court, however, denies the debtor's request for punitive damages, finding insufficient evidence that FELCO willfully or maliciously violated the court's Discharge Order.

IT IS SO ORDERED.

### ORDER

In accordance with the memorandum filed contemporaneously herewith, the court finds in favor of the Plaintiff in the above adversary proceeding.

IT IS, THEREFORE, SO ORDERED.